UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARVIN LOPEZ MIRANDA,

     Petitioner,

     v.

MARKWAYNE MULLIN, TODD
BLANCHE, GARRETT RIPA,
ACTING DIRECTOR-ICE TODD
LYONS, WARDEN MATTHEW
MORDANT,

     Respondents.

Case No. 2:26-cv-1119-KCD-NPM

## ORDER

Petitioner Marvin Lopez Miranda is a citizen of Guatemala. He was apprehended while entering the United States, and an immigration officer denied him admission. (Doc. 1-2.) He was then released and lived freely under supervision in the United States for seven years.

Immigration & Customs Enforcement recently arrested him. So he has filed a habeas corpus petition challenging his continued detention. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. (*Id.* at 10-16.) Respondents oppose the Petition. (Doc. 11.) After

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

the Government's opposition was filed, the Eleventh Circuit issued a decision that affects the outcome of this case. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026).

Since the Eleventh Circuit's decision, this Court has found that aliens who are stopped at the border and released into the country, like Miranda, fall under 8 U.S.C. § 1226 and are entitled to a bond hearing. *See Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026). The reasoning from *Garcia* applies equally here. So the "[f]ederal regulations provide that [Miranda] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Miranda seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Miranda is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Miranda with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

2

To the extent Miranda also seeks relief under the Fifth Amendment, or any other legal authority, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Miranda with a bond hearing as ordered or he remains in custody, he can renew any other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Miranda with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 18, 2026.

Kyle C. Dudek
United States District Judge

3